**Christopher J. Schatz, OSB No. 915097**
**Assistant Federal Public Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel:    (503) 326-2123**
**Fax:    (503) 326-5524**
**Email: chris_schatz@fd.org**

**Ruben L. Iñiguez, OSB No.**
**Assistant Federal Public Defender**
**101 SW Main Street, Suite 1700**
**Portland, OR  97204**
**Tel:    (503) 326-2123**
**Fax:    (503) 326-5524**
**Email: ruben_iniguez@fd.org**

**Attorneys for Hock Chee Khoo**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                              **Plaintiff,**<br><br>      **vs.**<br><br>**HOCK CHEE KHOO, et al.,**<br><br>                              **Defendants.** | **CR 09-321-KI**<br><br>**MOTION TO EXCLUDE IMAGES OF THE WU LAPTOP AND EXTERNAL HARD DRIVE.**<br><br>**ORAL ARGUMENT AND EVIDENTIARY HEARING REQUESTED** |

Defendant Hock Chee Khoo, through his attorneys of record, Ruben L. Iñiguez and Christopher J. Schatz, respectfully moves this Court to exclude from evidence all digital images taken of co-defendant Shengbao "Jesse" Wu's computer hard drive.  Mr. Khoo moves for exclusion

**PAGE 1.   MOTION TO EXCLUDE IMAGES OF THE WU LAPTOP AND EXTERNAL HARD DRIVE.**

of this evidence pursuant to Rules 901, 1001, 1002 and 1003 of the Federal Rules of Evidence on the following grounds:

    1.    Based on investigation conducted to date, and as informed by expert analysis and examination of the subject images, Mr. Khoo contends that the government cannot establish a sufficient nexus between the images contained in the Hansen Acronis backup file (hereinafter referred to as the "Acronis image") and/or the Federal Bureau of Investigation's Forensic Tool Kit image (hereinafter referred to as the "Laptop image") and the actual data content and configuration of digital images on the Wu laptop computer, to support the government's claim that the former images accurately represent the data on the latter Wu laptop computer as such existed prior to October 17, 2006. The Acronis and Laptop images should therefore be excluded due to lack of authentication under Rule 901.

    2.    The Acronis and Laptop images are not sufficiently accurate reproductions of the data content and configuration on the Wu laptop computer to qualify as admissible duplicates as required by Rule 1001. Therefore, said images should be excluded from evidence pursuant to Rule 1002.

    3.    Moreover, even if the Acronis and Laptop images should qualify as duplicates, they are subject to exclusion under the exceptions noted in Rule 1003, because substantial questions pertaining to the authenticity of said images and the manner of their creation exist.

This motion is based on the Memorandum of Points and Authorities in Support of Motion to Exclude Images of the Wu Laptop and External Hard Drive and the Declaration Of Computer

Forensics Expert Michael A Bean in Support of Motion to Exclude Images of the Wu Laptop and External Hard Drive filed concurrently herewith, and any and all such other points and authorities as may be presented to the Court at the time of hearing.

**Request for Hearing**: In accordance with Federal Rule of Evidence 104(c), Mr. Khoo requests that the instant motion be calendared for evidentiary hearing and oral argument on such date and at such time as is convenient to the Court and counsel.[1]

**Time Estimate for Hearing**: The hearing of the instant motion should require no more than 2 hours of the Court's time.

**Bail/Custody Status of Defendant**: Mr. Khoo is at liberty subject to the conditions of supervision imposed by Order of the Court entered on September 10, 2009.

Respectfully submitted this May 28, 2010.

/s/ Christopher J. Schatz
Christopher J. Schatz
Attorney for Defendant Hock Chee Khoo

---

[1] In light of counsel's current case load commitments and the complexity of the issues presented by this and other defense motions filed concurrently herewith, it is suggested that a briefing schedule be instituted (government's response(s) due August 4, 2010; defendants' replies due August 25, 2010), and that a hearing be scheduled on a date and at a time convenient to the Court and the parties in early September, 2010.

**PAGE 3.    MOTION TO EXCLUDE IMAGES OF THE WU LAPTOP AND EXTERNAL HARD DRIVE.**